♥p
ath

♦11/5
/04
6:16
PM
D:\B
S\B
ARN
ER\
COM
PLA
IN

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

THE HONORABLE

| | | |
|---|---|---|
| **Boyd Spencer, Esquire** <br> **Attorney Boyd Spencer & Associates** <br> (610) 277-4700 FAX 277-4888 | 2100 Swede Road <br> Norristown, PA 19401-1745 | Attorney for Plaintiffs <br> Id. No. 28400 |
| CIVIL COMPLAINT <br> Civil Rights <br> Legal & Equitable Relief | No. 04-CV-5032 | |

Ferdinand C. Augello
1821 South Shore Road,
Oceanview, NJ 08230.

Kenneth A. Barner
1106 Clements Bridge Road, Apt A,
Barrington, NJ 08007-1606.

Brian K. Burt
53 Edmund Street,
Edison, NJ 08817.

Mike J. Callahan
6568 Millville Road,
Mays Landing, NJ 08330

Brian Carroll
4623 Post Road,
Vineland, NJ 08360.

Brian D. Clark
1369 Hollywood Ave,
Langhorne, PA 19047

James O. Coles
419 Crown Point Road,
Thorofare, NJ 08086-2143.

Jesse J. Cooper
4056 Tremont Ave,
Egg Harbor Township, NJ 08234.

Dante T. Demarco
153 Franklin Street,
West Berlin, NJ 08091-1645.

Paul Deola, III
4702 Landis Ave.,
Vineland, NJ 08360.

Timothy E. Fowler
14 Brainerd Street,
Mount Holly, NJ 08060-1810.

James Gajderowicz
462 Logan Ave,
Burlington, NJ 08016-1834.

Kelly A. Horton
4458 Yorktown Place, H 54,
Mays Landing, NJ 08330-2703.

Gil A. Lisiecki
225 Dickens Drive,

Delran, NJ 08075.

**Mark S. Matsinger**
1002 DeKalb Street,
Bridgeport, PA 19405.

**Paul M. Pagano**
6358 Beacon Ave,
Mays Landing, NJ 08330.

**Daniel T. Popa**
6464 South Ave.,
Mays Landing, NJ 08330-1052.

**Keith L. Riegel**
6124 Estella Ave.,
Mays Landing, NJ 08330-1058.

**Russell W. Schleben, III**
P.O. Box 139,
Dorchester, NJ 08316.

**ATTORNEY BOYD SPENCER & ASSOCIATES**
2100 Swede Road
Norristown, PA 19401-1745

11/05/04, 6:16PM

Edmund S Wells, Jr.
4 Silver Lake Drive,
Clementon, NJ 08021.

Stephen J. Wittenwiler
334 Pine Ave.,
Egg Harbor Township, NJ 08234.

Dominick N. Zerra
P.O. Box 221,
Leesburg, NJ 08327-0221.

Plaintiffs

Versus

City of Philadelphia
c/o Nelson A. Diaz, City Solicitor
1515 Arch Street, 17th Floor
Philadelphia, PA 19102

Philadelphia Police Department
One Franklin Square
Philadelphia, PA 19106
c/o Nelson A. Diaz, City Solicitor,
1515 Arch Street, 17th Floor
Philadelphia, PA 19102

Sylvester Johnson,
Philadelphia Police Commissioner
One Franklin Square
Philadelphia, PA 19106
c/o Nelson A. Diaz, City Solicitor
1515 Arch Street, 17th Floor
Philadelphia, PA 19102

Captain Thomas J. Nistel, III
Philadelphia Highway Patrol
661 East Erie Ave
Philadelphia, PA 19134
c/o Nelson A. Diaz, City Solicitor
1515 Arch Street, 17th Floor
Philadelphia, PA 19102

Officers John Does 1-50, Individually and
Officially as Police Officers
One Franklin Square
Philadelphia, PA 19106
c/o Nelson A. Diaz, City Solicitor
1515 Arch Street, 17th Floor
Philadelphia, PA 19102

Defendants.

- 3 -

## COMPLAINT
## JURISDICTION

1. This action arises under the United States Constitution, particularly under the provisions of the First, Fourth, and Fourteenth Amendments to the Constitution of the United States and 42 USC §1983, §1985 and §1988.

2. This Court has jurisdiction of this cause pursuant to 28 USC §1331 and §1343.  There is an actual controversy between the Plaintiffs and Defendants.

3. Jurisdiction over Plaintiffs' request for injunctive relief lies under 29 USC §2201 and FRCVP 57.

4. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 USC §1391. The events giving rise to this claim occurred within Philadelphia County, in the Commonwealth of Pennsylvania.

5. All paragraphs of this complaint are incorporated by reference into all counts of this complaint, as if set out in full.

## PARTIES

6. At all material times, Plaintiff, Ferdinand C. Augello, was an individual, citizen, and resident of the State of New Jersey, and the United States, residing therein at 1821 South Shore Road, Oceanview, NJ 08230.

7. At all material times, Plaintiff, Kenneth A. Barner, was an individual, citizen, and resident of the State of New Jersey, and the United States, residing therein at 1106 Clements Bridge Road, Apt A, Barrington, NJ 08007-1606.

8. At all material times, Plaintiff, Brian K. Burt, was an individual, citizen, and resident of the State of New Jersey, and the United States, residing therein at 53 Edmund Street, Edison, NJ 08817.

9. At all material times, Plaintiff, Mike J. Callahan, was an individual, citizen, and resident of the State of New Jersey, and the United States, residing therein at 6568 Millville Road, Mays Landing, NJ 08330.

10. At all material times, Plaintiff, Brian Carroll, was an individual, citizen, and resident of the State of New Jersey, and the United States, residing therein at 4623 Post Road, Vineland, NJ 08360.

11. At all material times, Plaintiff, Brian D. Clark, was an individual, citizen, and resident of the State of Pennsylvnia, and the United States, residing therein at 1369 Hollywood Ave, Langhorne, PA 19047.

12. At all material times, Plaintiff, James O. Coles, was an individual, citizen, and resident of the State of New Jersey, and the United States, residing therein at 419 Crown Point Road, Thorofare, NJ 08086-2143.

**ATTORNEY BOYD SPENCER & ASSOCIATES**
2100 Swede Road
Norristown, PA 19401-1745

11/05/04, 6:16PM

13. At all material times, Plaintiff, Jesse J. Cooper, was an individual, citizen, and resident of the State of New Jersey, and the United States, residing therein at 4056 Tremont Ave, Egg Harbor Township, NJ 08234.

14. At all material times, Plaintiff, Dante T. Demarco, was an individual, citizen, and resident of the State of New Jersey, and the United States, residing therein at 153 Franklin Street, West Berlin, NJ 08091-1645.

15. At all material times, Plaintiff, Paul Deola, III, was an individual, citizen, and resident of the State of New Jersey, and the United States, residing therein at 4702 Landis Ave., Vineland, NJ 08360.

16. At all material times, Plaintiff, Timothy E. Fowler, was an individual, citizen, and resident of the State of New Jersey, and the United States, residing therein at 14 Brainerd Street, Mount Holly, NJ 08060-1810.

17. At all material times, Plaintiff, James Gajderowicz, was an individual, citizen, and resident of the State of New Jersey, and the United States, residing therein at 462 Logan Ave, Burlington, NJ 08016-1834.

18. At all material times, Plaintiff, Kelly A. Horton, was an individual, citizen, and resident of the State of New Jersey, and the United States, residing therein at 4458 Yorktown Place, H 54, Mays Landing, NJ 08330-2703.

19. At all material times, Plaintiff, Gil A. Lisiecki, was an individual, citizen, and resident of the State of New Jersey, and the United States, residing therein at 225 Dickens Drive, Delran, NJ 08075.

20. At all material times, Plaintiff, Mark S. Matsinger, was an individual, citizen, and resident of the State of Pennsylvnia, and the United States, residing therein at 1002 DeKalb Street, Bridgeport, PA 19405.

21. At all material times, Plaintiff, Paul M. Pagano, was an individual, citizen, and resident of the State of New Jersey, and the United States, residing therein at 6358 Beacon Ave, Mays Landing, NJ 08330.

22. At all material times, Plaintiff, Daniel T. Popa, was an individual, citizen, and resident of the State of New Jersey, and the United States, residing therein at 6464 South Ave., Mays Landing, NJ 08330-1052.

23. At all material times, Plaintiff, Keith L. Riegel, was an individual, citizen, and resident of the State of New Jersey, and the United States, residing therein at 6124 Estella Ave., Mays Landing, NJ 08330-1058.

24. At all material times, Plaintiff, Russell W. Schleben, III, was an individual, citizen, and resident of the State of New Jersey, and the United States, residing therein at P.O. Box 139, Dorchester, NJ 08316.

ATTORNEY BOYD SPENCER & ASSOCIATES

2100 Swede Road

Norristown, PA 19401-1745

25. At all material times, Plaintiff, Edmund S Wells, Jr., was an individual, citizen, and resident of the State of New Jersey, and the United States, residing therein at 4 Silver Lake Drive, Clementon, NJ 08021.

26. At all material times, Plaintiff, Stephen J. Wittenwiler, was an individual, citizen, and resident of the State of New Jersey, and the United States, residing therein at 334 Pine Ave., Egg Harbor Township, NJ 08234-7105.

27. At all material times, Plaintiff, Dominick N. Zerra, was an individual, citizen, and resident of the State of New Jersey, and the United States, residing therein at P.O. Box 221, Leesburg, NJ 08327-0221.

28. At all material times, all Plaintiffs, except Kelly A. Horton, were members or associates of various motorcycle clubs.

29. Other motorcyclists have expressed an interest in being plaintiffs in this action. Plaintiffs may move to add additional plaintiffs.

30. The City of Philadelphia is a political sub-division of the Commonwealth of Pennsylvania and is the employer or principal or master of the individual Defendants, Sylvester Johnson, Thomas J. Nistel, III, and Officers John Does 1-50, who acted in their official and individual capacities, and all of whom act under color of state law.

31. The Philadelphia Police Department is the police force for the City of Philadelphia, Pennsylvania, and is the employer or principal or master of the individual Defendants, Sylvester Johnson, Thomas J. Nistel, III, and Officers John Does 1-50, who acted in their official and individual capacities and all of whom act under color of state law.

33. At all material times, Defendant, Sylvester Johnson, was the Chief of Police of the Philadelphia Police Department; he is a final decision maker for the Philadelphia Police Department; he is responsible for the training and supervision of the servants, agents and employees of the Philadelphia Police Department; and is acting under color of state law and within the scope of his employment by the municipality.  Defendant Sylvester Johnson is being sued in his individual and official capacities.

34. At all material times, Defendant, Thomas J. Nistel, III, was head of the Philadelphia Highway Patrol; he is a final decision maker for the Philadelphia Highway Patrol; he is responsible for the training and supervision of the agents and employees of the Philadelphia Highway Patrol; and is acting under color of state law and within the scope of his employment by the municipality.  Defendant Thomas J. Nistel, III is being sued in his individual and official capacities.

35. Officers John Does are police officers of the Philadelphia Police Department, unknown to Plaintiffs, but Plaintiffs are informed and believe, and therefore allege that said John Does are liable to them as alleged herein, and Plaintiffs pray for relief to amend their Complaint

**ATTORNEY BOYD SPENCER & ASSOCIATES**

2100 Swede Road

Norristown, PA 19401-1745

11/05/04, 6:16PM

to state the true names and capacities of such parties when the same have been ascertained. Defendants, Officers John Does, are being sued in their individual and official capacities.

36. At all times relevant herein defendants, Sylvester Johnson, Thomas J. Nistel, III, and Officers John Does 1-50,  were employees, agents, servants, or workmen of Defendant, the City of Philadelphia, and the Philadelphia Police Department, acting within the course and scope of their employment or agency, and acting under the color of state law.

37. At all material times, Defendants, Sylvester Johnson, Thomas J. Nistel, III, and Officers John Does 1-50, were acting under customs and policies of Defendant, The City of Philadelphia, the Philadelphia Police Department, or the Philadelphia Highway Patrol.

38. At all material times, Defendants, Officers John Does 1-50 were acting under customs, policies, edicts and directives of Defendants, Sylvester Johnson and Thomas J. Nistel, III.

FACTUAL ALLEGATIONS

39. Each and all of the acts of the individual Defendants alleged herein were done by the said individual Defendants, and each of them, under the color and pretense of the statutes, ordinances, regulations, policies and customs of the Commonwealth of Pennsylvania, The City of Philadelphia, the Philadelphia Police Department, or the Philadelphia Highway Patrol.

40. On November 3, 2002, there was a Toy Run "For the Kids" (Toy Run), which was a scheduled motorcycle parade, wherein motorcyclists and motorcycle clubs are invited to bring toys for the children at Children's Hospital of Philadelphia, gather at Penns Landing, ride their motorcycles to Children's Hospital and give the toys to the children.

41. This was the Twenty Second Annual Toy Run, which was organized by the Delaware Valley Chapter of ABATE (Alliance of Bikers Aimed to Educate) of Pennsylvania (ABATE).

42. Plaintiffs have participated in this event for many years.

43. Plaintiffs had been invited to the Toy Run, as ABATE welcomes all motorcyclists to the Toy Run.

44. Plaintiffs' motorcycle clubs had been invited to the Toy Run, as ABATE welcomes all motorcycle organizations to the Toy Run.

45. The staging area for the Toy Run, where all clubs and motorcyclists were to meet, was on Christopher Columbus Boulevard, south of Spring Garden Street, in the City and County of Philadelphia.

46. Ten Thousand or more motorcyclists attended the toy run.

47. Plaintiffs, with the permission of ABATE, were placed near or at the front of the parade. The parade started at noon.

48. Shortly after the plaintiffs turned from Christopher Columbus Boulevard onto Spring Garden Street, each and every one of them was detained by members of the Philadelphia Highway patrol, and possibly other Philadelphia Policemen.

ATTORNEY BOYD SPENCER & ASSOCIATES

2100 Swede Road

Norristown, PA 19401-1745

11/05/04, 6:16PM

49. Some were detained under the I-95 underpass between Front and 2nd Street, and some were directed into a parking lot near 6th and Spring Garden Streets.

50. Most of the plaintiffs wore insignia or "colors" that indicated membership in the motorcycle club to which they belonged.

51. None of the plaintiffs committed a breach of the peace, nor was any plaintiff subject to an outstanding warrant;

52. Defendants went upon the highway in disguise, by covering their name tags, and badge numbers, in violation of the Kl Klux Klan Act, 42 USC §1985;

53. Some, or all of the Plaintiffs, at the hands of some or all of the defendants, were:

a. Stopped by Philadelphia Police without probable cause;

b. Searched, without probable cause;

c. Told to remove their club insignia, or "colors;"

d. Demanded that they disclose their Social Security Numbers, without informing them of their right to refuse, or giving them a disclosure form as required by the Privacy Act of 1974;

e. Told they would go to jail if they did not remove their club insignia, or "colors;"

f. Had their insignia or "colors" forcible removed;

g. Told that they could not wear their club insignia, or "colors" in the City of Philadelphia at any time;

h. Given traffic tickets for careless driving for driving on the sidewalk, when such driving was required by the sponsor of the Toy Run, ABATE.

i. Told that they were not welcome in the City of Philadelphia;

j. Told not to remain in the parade to Children's Hospital;

k. Told that the Philadelphia Highway Patrol owned the streets of Philadelphia;

l. Subjected to obscenities by the Philadelphia Police;

m. Intimated by Philadelphia Police brandishing shotguns, laser scope equipped M-16 rifles, canisters of Mace, and riot gear;

n. Threatened by having firearms pointed at them;

o. Threatened with unlawful permanent impoundment of their motorcycles;

p. Assaulted by the Philadelphia Police;

q. Battered by the Philadelphia Police;

r. Endured public humiliation which lasted in excess of 30 minutes, and occurred in full view of other motorcyclists in the parade, and the public at large;

s. When directed to leave the parade immediately, without benefit of their friends, became lost in unfamiliar parts of the City of Philadelphia;

54. Other motorcyclists, who did not wear "colors" received none of the above treatment;

## DAMAGES

- 8 -

**ATTORNEY BOYD SPENCER & ASSOCIATES**
2100 Swede Road
Norristown, PA 19401-1745

55. The City of Philadelphia is liable for compensatory damages, attorneys fees, and costs assessed against Sylvester Johnson, Thomas J. Nistel, III, and Officers John Does 1-50, in their official and individual capacities.

56. Plaintiffs first seek declaratory and injunctive relief from this Court to protect their rights guaranteed under the First, Fourth, and Fourteenth Amendments of the United States Constitution and to prevent the chilling effect Defendants' conduct will continue to have upon Plaintiffs' exercise of these rights.

57. Plaintiffs also seek compensatory damages for violations of their constitutional rights and for the economic damages caused to them by Defendants' conduct.

58. Plaintiffs further seek punitive damages from the individual Defendants in amounts sufficient to punish Defendants, to deter such conduct in the future.

59. Defendants have engaged in a practice of conduct designed to interfere with Plaintiffs' rights protected under the First and Fourteenth Amendments to the United States Constitution, including their right to freedom of assembly and association.

60. Defendants have engaged in a practice of conduct designed to interfere with Plaintiffs' right protected under the Fourth and Fourteenth Amendments of the United States Constitution, including their rights to be free from unreasonable searches and seizures.

61. Defendants' conduct herein has and will continue to have a chilling effect on Plaintiffs' exercise of their constitutional rights of freedom of assembly and freedom of association.

62. Defendants have engaged in a practice of conduct designed to deprive Plaintiffs of their interests in life, liberty, and property without due process of law and to deny Plaintiffs' equal protection of law, in violation of the Fourteenth Amendment to the United States Constitution.

63. No reasonable officer or administrator of the City of Philadelphia, the Philadelphia Police Department, or the Philadelphia Highway Patrol could have believed that the actions of Defendants, which are alleged herein, were lawful in light of clearly established law or that such actions were consistent with Plaintiffs' constitutionally protected rights.

64. Defendants are and were aware of the Federal and State laws protecting Plaintiffs' rights as guaranteed by the First, Fourth, and Fourteenth Amendments to the United States Constitution.

65. Defendants have acted with knowledge of and deliberate indifference to the fact that their conduct was in violation of the Plaintiffs' constitutionally protected rights.

**ATTORNEY BOYD SPENCER & ASSOCIATES**
2100 Swede Road
Norristown, PA 19401-1745

11/05/04, 6:16PM

FIRST CLAIM FOR RELIEF

42 USC §1983-First Amendment

66. Defendants violated Plaintiffs' clearly established right to freedom of association and freedom of assembly as guaranteed by the First Amendment of the United States Constitution, for which Plaintiffs seek redress pursuant to 42 USC §§1983 and 1988.

67. WHEREFORE, Plaintiffs requests relief at law and in equity, as detailed in Plaintiffs' PRAYER FOR RELIEF, below.

SECOND CLAIM FOR RELIEF

42 USC §1983- Fourth Amendment

68. Defendants violated Plaintiffs' clearly established rights to be free from unreasonable searches and seizures as guaranteed by the Fourth Amendment of the United States Constitution, for which Plaintiffs seek redress pursuant to 42 USC §§1983 and 1988.

69. WHEREFORE, Plaintiffs requests relief at law and in equity, as detailed in Plaintiffs' PRAYER FOR RELIEF, below.

THIRD CLAIM FOR RELIEF

42 USC §1983- Fourteenth Amendment

70. Defendants deprived Plaintiffs of their liberty and property interests without due process of law in violation of Plaintiffs' right to due process of law as guaranteed by the Fourteenth Amendment of the United States Constitution, for which Plaintiffs seek redress pursuant to 42 USC §§1983 and 1988.

71. WHEREFORE, Plaintiffs requests relief at law and in equity, as detailed in Plaintiffs' PRAYER FOR RELIEF, below.

FOURTH CLAIM FOR RELIEF

42 USC §1983- Fourteenth Amendment

72. Defendants deprived Plaintiffs of their rights to equal protection of the laws which secure their rights to associate with individuals who share common interests, to belong to organizations of persons who share their common interests, to assemble and associate with such organizations, and not to be profiled, or have the traffic code selectively enforced against them in violation of the Plaintiffs' right to Equal Protection of the Law, as guaranteed by Fourteenth Amendment of the United States Constitution, for which Plaintiffs seek redress pursuant to 42 USC §§1983 and 1988.

73. WHEREFORE, Plaintiffs requests relief at law and in equity, as detailed in Plaintiffs' PRAYER FOR RELIEF, below.

FIFTH CLAIM FOR RELIEF

ATTORNEY BOYD SPENCER & ASSOCIATES

2100 Swede Road

Norristown, PA 19401-1745

11/05/04, 6:16PM

42 USC §1985, the Kl Klux Klan Act

74. Defendants did go in disguise on the highway for the purpose of depriving the plaintiffs the equal protection of the law in violation of the Plaintiffs' right to Equal Protection of the Law, as guaranteed by Fourteenth Amendment of the United States Constitution, for which Plaintiffs seek redress pursuant to 42 USC §§1985 and 1988.

75. WHEREFORE, Plaintiffs requests relief at law and in equity, as detailed in Plaintiffs' PRAYER FOR RELIEF, below.

## SIXTH CLAIM FOR RELIEF
### The Privacy Act of 1974

76. Defendants demanded that some Plaintiffs disclose their Social Security Number in violation of The Privacy Act of 1973 (Section 7, PL 93-579) for which Plaintiffs seek redress pursuant to 42 USC §§1983 and 1988.

77. WHEREFORE, Plaintiffs requests relief at law and in equity, as detailed in Plaintiffs' PRAYER FOR RELIEF, below.

## SEVENTH CLAIM FOR RELIEF
### Request for Declaratory Relief

78. Unless restrained by the Court, Plaintiffs will suffer irreparable harm through Defendants' continuing enforcement, policies, and practices in violation of Plaintiffs' rights guaranteed by the First, Fourth, and Fourteenth Amendments of the United States Constitution.

79. WHEREFORE, Plaintiffs requests declaratory relief in equity, as detailed in Plaintiffs' PRAYER FOR RELIEF, below.

## EIGHTH CLAIM FOR RELIEF
### Request for Permanent Injunctive Relief

80. Unless restrained by the Court, Plaintiffs will suffer irreparable harm through Defendants' continuing enforcement, policies, and practices in violation of Plaintiffs' rights guaranteed by the First, Fourth, and Fourteenth Amendments of the United States Constitution.

81. WHEREFORE, Plaintiffs requests a permanent injunction, as detailed in Plaintiffs' PRAYER FOR RELIEF, below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs prays for the entry of a judgment against Defendants as follows:

82. On Plaintiffs' First through Sixth Claim for Relief

a. For an Order awarding Plaintiffs compensatory damages from Defendants, jointly and severally, in excess of $150,000.00 plus interest from the date of judgment;

b. For an Order awarding Plaintiffs punitive damages from each of the individual Defendants, Sylvester Johnson, Thomas J. Nistel, III, and Officers John Does 1-50, jointly and severally, in amounts adequate to deter Defendants' unconstitutional actions,

ATTORNEY BOYD SPENCER & ASSOCIATES
2100 Swede Road
Norristown, PA 19401-1745

11/05/04, 6:16PM

both in the past and in the future, which were intentional, malicious, and in reckless disregard of Plaintiffs' civil rights and commensurate with the wealth of the respective Defendants, in amounts to be determined at trial plus interest from the date of judgment;

c. For an Order awarding Plaintiffs costs and attorneys' fees necessarily incurred herein.

83. On Plaintiffs' First through Eighth Claim for Relief:

a. For a declaration by this Court that the conduct and practices of Defendants described herein are violations of Plaintiffs' rights protected under the First, Fourth, and Fourteenth Amendments to the United States Constitution;

b. For an Order by this Court granting permanent injunctions against Defendants and all other acting in concert with them, to prohibit them from continuing to violate Plaintiffs' constitutionally protected rights and;

c. For an Order awarding Plaintiffs costs and attorneys' fees necessarily incurred herein.

d. For such other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED,  October 27, 2004.

_____

Boyd Spencer
Attorney for Plaintiffs

ATTORNEY BOYD SPENCER & ASSOCIATES
2100 Swede Road
Norristown, PA 19401-1745

11/05/04, 6:16PM